

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI EX REL. )
RYAN W. AMORINE, )
                   )
          Relator, )
                   )
v.                    )     No. SC95301
                   )
THE HONORABLE KELLY PARKER, )
                   )
          Respondent. )

## ORIGINAL PROCEEDING IN PROHIBITION

### *Opinion issued May 24, 2016*

Ryan W. Amorine (hereinafter, "Amorine") seeks a writ of prohibition to prevent the trial court (hereinafter, "Respondent") from holding a probation revocation hearing after Amorine's term of probation expired. This Court issued a preliminary writ of prohibition, which it now makes permanent. This Court finds that Respondent did not have the authority to hold a revocation hearing after Amorine's probation term ended because Respondent did not make every reasonable effort to hold the probation revocation hearing during the probationary term pursuant to section 559.036.8, RSMo Supp. 2013.[1]

---

[1] All further statutory references are to RSMo Supp. 2013, unless otherwise indicated.

## Factual and Procedural Background

On May 4, 2011, Amorine pleaded guilty to possession of a controlled substance, section 195.202, RSMo 2000, and second-degree domestic assault, section 565.073, RSMo 2000.  After accepting his guilty plea, the trial court suspended the imposition of sentence and placed Amorine on supervised probation for five years.  The trial court also imposed special conditions upon Amorine, which included community service and paying court costs.

In June 2013, a probation violation report was filed alleging that Amorine failed to pay his court costs or report any community service hours.  Amorine admitted the violation in an attachment to the probation violation report.

A second probation violation report was filed in May 2014, again alleging Amorine failed to pay his court costs or perform his community service hours.  On July 16, 2014, Respondent suspended Amorine's probation and set the matter for a hearing. Respondent held a hearing on September 16, 2014, and Amorine admitted to the violation.  Following that hearing, Respondent extended Amorine's probation for an additional year.

On January 8, 2015, the Board of Probation and Parole filed a "Case Summary Report" and a "Field Violation Report."  Both documents informed Respondent that Amorine had an earned discharge date of July 13, 2015, and with continued supervision compliance, an optimal discharge date of April 1, 2015.  Both reports also indicated that the only violation of Amorine's probation was his failure to report any community service hours he performed and the failure to pay his court costs.  However, the Field

Violation Report recommended that Respondent revoke Amorine's probation, place him on a new term of suspended execution of sentence probation, direct him to pay his court costs, and perform community service work.

On January 26, 2015, Respondent scheduled a case review for February 17, 2015. The docket sheets reflect that a case review was heard on February 17, 2015, but the note under this heading indicates that only Amorine appeared and the cause was passed to March 17, 2015, for setting of a probation revocation hearing. On March 17, 2015, Amorine and the state appeared before Respondent, and the cause was passed to May 19, 2015, for a probation revocation hearing. On April 3, 2015, Respondent issued an order suspending Amorine's probation. The docket sheets reflect that Respondent continued and rescheduled the probation revocation hearing on May 19, 2015, June 16, 2015, July 21, 2015, and August 18, 2015. Both Amorine and the state appeared at every court date.

On August 18, 2015, Respondent appointed a public defender to represent Amorine, and the cause was passed to September 22, 2015, for a probation revocation hearing. Amorine asserts that during the September 22, 2015, hearing on his case, his counsel made an oral motion to discharge him from probation, arguing Respondent lacked authority to hold the hearing because Amorine's optimal and earned discharge dates had passed and the state failed to file a motion to revoke his probation. Amorine states his counsel's motion was heard and overruled, but the ruling was not reflected on the docket sheet. Additionally, the state filed a motion to revoke Amorine's probation. Respondent passed the cause until October 2015.

Amorine then filed a writ with the court of appeals, which was denied on October 16, 2015.  Amorine then filed a writ with this Court on the same day.  On October 19, 2015, this Court issued a preliminary writ of prohibition, pursuant to its authority under article V, section 4 of the Missouri Constitution.  This Court's preliminary writ of prohibition commanded Respondent to take no further action in this matter, other than to show cause as to the reasons this writ should not issue, until ordered to do so by this Court.

On October 20, 2015, Amorine, his counsel, and the state all appeared before Respondent for another probation revocation hearing, but the cause was passed again.  Respondent continued to hold case reviews on December 15, 2015, and February 17, 2016, and scheduled the next case review for April 19, 2016.

## Standard of Review

This Court has jurisdiction to issue original remedial writs.  Mo. Const. art. V, sec. 4.  "Prohibition is a discretionary writ that only issues to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extrajurisdictional power." *State ex rel. Schwarz Pharma, Inc. v. Dowd*, 432 S.W.3d 764, 768 (Mo. banc 2014).  Writ "relief lies when a trial court lacks the authority to conduct a probation revocation hearing after the term of probation has expired." *State ex rel. Dotson v. Holden*, 416 S.W.3d 821, 823 (Mo. App. S.D. 2013).

## Discussion

*Amorine's probationary discharge date*

The Board of Probation and Parole awards earned compliance credits (hereinafter, "ECC") to offenders who meet the statutory requirements and who remain in compliance with the terms of their probation. Section 217.703. The award of ECC reduces the probationary term "by thirty days for each full calendar month of compliance with the terms of supervision." Section 217.703.3. An offender is deemed to be in compliance when there is "absence of an initial violation report submitted by a probation or parole officer during a calendar month, or a motion to revoke or motion to suspend filed by a prosecuting or circuit attorney, against the offender." Section 217.703.4. Under section 217.703.8, whether an offender is awarded ECC is not subject to appeal or post-conviction relief.

Awarding ECC credits is governed by statute, and it provides that:

Credits shall not accrue during any calendar month in which a violation report has been submitted or a motion to revoke or motion to suspend has been filed, and shall be suspended pending the outcome of a hearing, if a hearing is held. If no hearing is held or the court or board finds that the violation did not occur, then the offender shall be deemed to be in compliance and shall begin earning credits on the first day of the next calendar month following the month in which the report was submitted or the motion was filed. All earned credits shall be rescinded if the court or board revokes the probation or parole or the court places the offender in a department program under subsection 4 of section 559.036. Earned credits shall continue to be suspended for a period of time during which the court or board has suspended the term of probation, parole, or release, and shall begin to accrue on the first day of the next calendar month following the lifting of the suspension.

5

Section 217.703.5. A sentencing court or prosecuting attorney must be notified no less than sixty days prior to the date of final discharge, and if no action is taken, the offender shall be discharged. Section 217.703.10.

Here, Respondent was notified twice on January 8, 2015, that Amorine had an earned discharge date of July 13, 2015, and with continued supervision compliance, an optimal discharge date of April 1, 2015. Following the reports filed with the trial court on January 8, 2015, no additional violation reports were filed, and the state did not file a motion to revoke or suspend probation. Hence, Amorine complied with his supervision. Amorine should have been discharged from probation on April 1, 2015.

*The trial court extended its authority beyond Amorine's probation discharge date*

Section 559.036 "governs the duration of probation terms and the power of a court to revoke a defendant's probation." *State ex rel. Strauser v. Martinez*, 416 S.W.3d 798, 801 (Mo. banc 2014). "A term of probation commences on the day it is imposed." Section 559.036.1. Throughout the duration of a defendant's probationary term, a court has the authority to revoke a term of probation if a defendant violates it. Sections 559.036.3, 559.036.5, and 559.036.8. "When the probation term ends, so does the court's authority to revoke probation." *Strauser*, 416 S.W.3d at 801.

However, section 559.036.8 provides that the trial court's authority may extend beyond the probationary term when two conditions are met. "First, the court must have manifested its intent to conduct a revocation hearing during the probation term. Second, it must make every reasonable effort to notify the probationer and hold the hearing before the term ends." *Strauser*, 416 S.W.3d at 801.

6

Here, it appears Respondent attempted to revoke Amorine's probation prior to his discharge date because at the February 17, 2015 case review, the docket sheets indicate Respondent passed the cause to set a probation revocation hearing. However, there is no indication that the state filed a motion to revoke Amorine's probation, nor is there any clear indication that Amorine was notified that his probation could be revoked.

Assuming, *arguendo*, Respondent's decision to set the matter for a probation revocation hearing met the first requirement of section 559.036.8 in order to extend the trial court's authority beyond Amorine's probationary term, the second requirement of section 559.036.8 was not met. Respondent failed to make every reasonable effort to notify Amorine and hold the hearing before his term ended because Respondent failed to hold a timely hearing.

While Respondent set a hearing to revoke Amorine's probation on February 17, 2015, prior to his discharge date, Respondent did not act on that date. Respondent passed the cause to March 17, 2015. On March 17, 2015, Respondent again passed the cause without explanation, even though both the state and Amorine appeared. Prior to the next court appearance, Amorine's discharge date passed. After Amorine's probation term ended, Respondent passed on holding a revocation hearing six additional times. Each time Respondent passed on the trial setting, the state and Amorine appeared in person. Further, there was no explanation as to any reason Respondent continued to pass the matter indefinitely, which might have shown every reasonable effort was made. Respondent had multiple opportunities to conduct a probation revocation hearing, yet failed to do so.

7

Accordingly, Respondent lacked authority to exercise control beyond Amorine's probationary term because Respondent failed to comply with section 559.036.8 in that there was no reasonable effort made to conduct a probation revocation hearing within the term of probation, nor did Respondent make a reasonable effort to conduct any probation revocation hearing in a timely manner.[2] Respondent erred in failing to discharge Amorine from probation.

## Conclusion

The facts and circumstances in this case demonstrate unequivocally that this Court should exercise its discretion to issue a writ of prohibition to remedy an excess of authority. Respondent exceeded his authority in continuing Amorine's probation revocation hearing indefinitely after Amorine should have been discharged. Therefore, the preliminary writ of prohibition is made permanent, and Respondent is directed to discharge Amorine from probation.

_____
GEORGE W. DRAPER III, JUDGE

All Concur.

---

[2] Even assuming Respondent's good intentions to allow extension to Amorine to pay costs and perform community service, a hearing must be held wherein there could be a determination as to what action should be taken regarding Amorine's sentence.