KURT S. ODENWALD, Judge *543 Introduction
Robert E. Ban ("Ban") appeals the motion court's denial of his Rule 24.035[1] motion without an evidentiary hearing. After a checkered probation history, the circuit court revoked Ban's probation and ordered the execution of his sentence. In his sole point on appeal, Ban argues that the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing because the circuit court lacked the necessary authority to revoke his probation. Because the record refutes Ban's claim that his probation was revoked after his period of probation had expired, Ban failed to establish clear error. We affirm the motion court's judgment.
Factual and Procedural History
The State charged Ban, as a prior and persistent offender, with one count of first-degree tampering, one count of resisting arrest, and one count of resisting a lawful detention. Ban pleaded guilty to first-degree tampering and resisting arrest on February 3, 2012. The State dismissed the remaining charge. The circuit court sentenced Ban to ten years in prison for first-degree tampering and seven years in prison for resisting arrest, and ordered the sentences to run concurrently, but consecutively with a sentence imposed on Ban in a different proceeding. That same day, the circuit court suspended the execution of Ban's sentences and placed him on probation for five years.
Ban's probation was eventful. A probation officer filed a probation violation report on October 3, 2012. Subsequently, the circuit court suspended Ban's probation from February 20, 2013 to April 11, 2014; June 17, 2014 to July 25, 2014; September 5, 2014 to September 19, 2014; January 29, 2015 to April 10, 2015; and June 2, 2015 until the probation's revocation. On May 18, 2015, the State moved to revoke Ban's probation. After suspending Ban's probation on June 2, 2015, the circuit court eventually scheduled a probation-violation hearing for February 26, 2016.
One day before the scheduled hearing, Ban moved the circuit court to discharge him from probation, alleging that his probationary term had already expired. Ban reasoned that, after accounting for his earned compliance credits accumulated under Section 217,703,[2] his optimal discharge date was October 11, 2015. Ban maintained that the circuit court therefore lacked authority under Section 559.036 to revoke his probation after that date. At the hearing, Ban's probation officer explained that, "[a]bsent a motion to revoke, the optimal date for discharge was October 11, 2015." The State, because of the motion's timing, requested the opportunity to address Ban's argument that the circuit court lost jurisdiction to revoke his probation. The circuit court rescheduled the probation-violation hearing for May 20, 2016.
At the May 20, 2016 hearing, the circuit court considered and denied Ban's lack-of-authority argument. The circuit court then *544 continued the probation-violation hearing to May 23, 2016. At the hearing, the probation officer testified that Ban violated his probation on at least eight occasions. The probation officer also offered a computer-generated printout purportedly showing Ban's accumulation of sixteen months of earned compliance credit. The probation officer later clarified that Ban would receive sixteen months of earned compliance credit unless his probation was revoked or suspended. The circuit court then revoked Ban's probation and ordered the execution of his sentences.
Ban filed an amended Rule 24.035 motion,[3] arguing that, by operation of Sections 217.703 and 559.036, his probation expired on October 11, 2015. According to Ban, the circuit court failed to make every reasonable effort to conduct a probation-revocation hearing prior to October 11, 2015 and lacked authority to revoke his probation on May 23, 2016. Ban requested an evidentiary hearing. The motion court denied Ban's motion without an evidentiary hearing, finding that the circuit court had the requisite authority to revoke Ban's probation. Ban appeals.
Standard of Review
We review a motion's court denial of a Rule 24.035 motion to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); Taylor v. State, 392 S.W.3d 477, 485 (Mo. App. W.D. 2012). The motion court's findings of fact and conclusions of law are clearly erroneous only if, after a review of the entire record, "we are left with a definite and firm impression that a mistake has been made," Robinson v. State, 509 S.W.3d 811, 813 (Mo. App. E.D. 2016). We presume that the motion court's findings and conclusions are correct. Rueger v. State, 498 S.W.3d 538, 542 (Mo. App. E.D. 2016). To overcome that presumption, the movant has the burden to show clear motion-court error by a preponderance of the evidence. Roberts v. State, 276 S.W.3d 833, 835 (Mo. banc 2009).
Not all Rule 24.035 motions require an evidentiary hearing. Rule 24.035(h); see Harris v. State, 494 S.W.3d 647, 649 (Mo. App. E.D. 2016). "A movant is entitled to an evidentiary hearing only when: (1) the movant pleads facts, not conclusions, which if true would warrant relief; (2) the facts alleged are not refuted by the record; and (3) the matters at issue resulted in prejudice to the movant." Suber v. State, 516 S.W.3d 386, 388 (Mo. App. E.D. 2017). Additionally, "[a] movant is not entitled to an evidentiary hearing if the motion and files of the case conclusively show [he] is not entitled to relief." Id. (quoting Routt v. State, 493 S.W.3d 904, 910-11 (Mo, App. E.D. 2016) ).
Point on Appeal
In his sole point on appeal, Ban argues that the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing because the circuit court lacked authority to revoke his probation.
Discussion
I. Sections 217.703 and 559.036
This appeal involves the interplay of Sections 559.036 and 217.703, Chapter 559 provides the terms, conditions, and durations of probation.
*545 State ex rel. Scroggins v. Kellogg, 335 S.W.3d 38, 42 (Mo. App. W.D. 2011). Specifically, "Section 559.036 governs the duration of probation terms and the power of a court to revoke a defendant's probation." State ex rel. Amorine v. Parker, 490 S.W.3d 372, 375 (Mo. banc 2016) (quoting State ex rel. Strauser v. Martinez, 416 S.W.3d 798, 801 (Mo. banc 2014) ). "A term of probation commences on the day it is imposed." Section 559.036.1. Throughout a person's probationary term, the circuit court has the authority to revoke probation if that person violates the terms of the probation. Amorine, 490 S.W.3d at 375 (referencing Sections 559.036.3, 559.036.5, and 559.036.8). Generally, the circuit court's authority to revoke probation ends when the probationary term expires. State ex rel. Parrott v. Martinez, 496 S.W.3d 563, 570 (Mo. App. E.D. 2016). However, Section 559.036.8 expressly expands the circuit court's authority beyond the probationary term when two conditions are satisfied: "First, the court must have manifested its intent to conduct a revocation hearing during the probation term. Second, it must make every reasonable effort to notify the probationer and hold the hearing before the term ends." Strauser, 416 S.W.3d at 801 (emphasis added).
While Section 559.036 defines the circuit court's authority to revoke probation, Section 217.703 governs the awarding of earned compliance credits, which will reduce the period of probation. See Amorine, 490 S.W.3d at 374-75. Section 217.703 instructs that the division of probation and parole shall award earned compliance credits to certain persons[4] who comply with the conditions of supervision imposed by the sentencing court or board. Parrott, 496 S.W.3d at 568 ; see Section 217.703.1. A person is considered to be "in compliance" when there is the absence of an initial violation report submitted by a probation or parole officer during the calendar month, or the absence of a motion to revoke or motion to suspend filed by the prosecuting or circuit attorney. Section 217.703.4. Eligible offenders who began their probationary terms prior to September 1, 2012, may accrue credits starting on October 1, 2012. Section 217.703.3.
Regarding the accrual of credits, Section 217.703.5 provides:
Credits shall not accrue during any calendar month in which a violation report has been submitted or a motion to revoke or motion to suspend has been filed, and shall be suspended pending the outcome of a hearing, if a hearing is held. If no hearing is held or the court or board finds that the violation did not occur, then the offender shall be deemed to be in compliance and shall begin earning credits on the first day of the next calendar month following the month in which the report was submitted or the motion was filed. All earned credits shall be rescinded if the court or board revokes the probation or parole or the court places the offender in a department program under subsection 4 of [S]ection 559.036. Earned credits shall continue to be suspended for a period of time during which the court or board has suspended the term of probation, parole, or release, and shall begin to accrue on the first day of the *546 next calendar month following the lifting of the suspension.
Section 217.703.5 (emphasis added).
Earned compliance credits reduce the term of probation "by thirty days for each full calendar month of compliance with the terms of supervision," Section 217.703.3. When the combination of time served in custody, on probation, on parole, or on conditional release and earned compliance credits satisfies the total probationary term imposed, the "board or sentencing court shall order final discharge of the offender, so long as the offender has completed at least two years of his or her probation[.]" Section 217.703.7. The division must notify the sentencing court, the board, and the prosecuting attorney of a probationer's impending discharge no less than sixty days before the date of final discharge. Section 217.703.10. However, the award or rescission of earned compliance credits "shall not be subject to appeal or any motion for post-conviction relief." Section 217.703.8.
II. The Record Does Not Support Ban's Claim of Error
Ban contends that his accrual of earned compliance credits caused his probationary term to end on October 11, 2015-well before the circuit court revoked his probation on May 23, 2016. Ban reasons that the motion court erred in denying his motion for post-conviction relief because the circuit court did not notify him and conduct a revocation hearing before the October 11, 2015 expiration of his probation as required by Section 558.036.8.
Before we begin our analysis of Ban's point on appeal, we must address the application of Section 217.703.8 to the present case. Although not addressed by either party, Section 217.703.8 expressly provides that the award or rescission of earned compliance credits is not subject to appeal or any motion for post-conviction relief, Amorine, 490 S.W.3d at 375. Arguably, Ban's post-conviction motion challenging the revocation of his probation could be construed as a challenge to the award or rescission of earned compliance credits. Such a challenge is barred by Section 217.703.8. However, we find that Ban's claim does not present a challenge to the division's calculation of an award or rescission of earned compliance credits, but instead posits that the circuit court did not apply the earned compliance credits appropriately awarded him by the division. Indeed, the focus of Ban's claim is that the circuit court untimely revoked his probation by failing to recognize the division's computation and award of earned compliance credits. Accordingly, we conclude that Section 217.703.8 does not bar Ban's motion and appeal under the circumstances presented here.
Although we may consider the merits of Ban's appeal, the record fails to persuade us that Ban has satisfied his burden to show clear error by the motion court. We recognize that the circuit court did not reduce Ban's probationary period by sixteen months of earned compliance credits, which would have made his optimal discharge date October 11, 2015. Critical and fatal to Ban's appeal, the record refutes his contention that he was entitled to an optimal discharge date of October 11, 2015. The record shows that the circuit court placed Ban on a five-year term of probation in February 2012. According to the plain language of Section 217.703, Ban was eligible to accumulate earned compliance credits starting on October 1, 2012, because his probationary term began before September 1, 2012. See Section 217.703.3; see, e.g., Parrott, 496 S.W.3d at 569. However, Ban did not accrue any earned compliance credits for October 2012 because his probation officer filed a violation report.
*547 See Section 217.703.4; Amorine, 490 S.W.3d at 374-75.
Thereafter, Ban earned compliance credits for months where he met the statutory requirements of Section 217.703. However, the record shows that Ban's probationary term was plagued with issues that prevented the accumulation of sufficient earned compliance credits. During the course of Ban's probation, the circuit court suspended his probation on five different occasions. Ban's probation was suspended from February 2013 to April 2014; June 2014 to July 2014; September 2014; January 2015 to April 2015; and June 2015 until the probation's revocation. Under Section 217.703.5, "[e]arned credits shall continue to be suspended for a period of time during which the court or board has suspended the term of probation" and only accrue again after the lifting of the suspension. By the plain language of Section 217.703, Ban did not accrue any earned compliance credits during the various instances where the circuit court suspended his probation. See Section 217.703.5; see, e.g., Parrott, 496 S.W.3d at 569. Due to these suspensions as evidenced in the record before us, our calculations of Ban's earned compliance credits do not establish that Ban earned sufficient compliance credits to receive an optimal discharge date of October 11, 2015.
To support his claim that he earned sufficient credits, Ban directs us to his probation officer's testimony that Ban was entitled to sixteen months of earned compliance credits. At a hearing conducted in February 2016, Ban's probation officer testified that, "[a]bsent a motion to revoke, the optimal date for discharge was October 11, 2015," Indeed, we note that Ban's probation officer later indicated that Ban was entitled to sixteen months of earned compliance credits unless the State moved to revoke, or the circuit court suspended, Ban's probation.
Importantly, the State filed a motion to revoke before Ban's claimed optimal discharge date. And, the circuit court filed an order to suspend Ban's probation before the optimal discharge date. The record shows that the State moved to revoke Ban's probation on May 18, 2015, and the circuit court subsequently suspended Ban's probation on June 2, 2015. Accordingly, during the suspension of Ban's probation and pending the motion to revoke, Ban earned no compliance credits. See Section 217.703.5. Given the intervening motion to revoke and the suspension of Ban's probation in early 2015, Ban's optimal discharge date was not October 11, 2015, See Section 217.703.5. The circuit court revoked Ban's probation within the probationary term as permitted by Section 559.036.
Ban offers Amorine, 490 S.W.3d at 374-75, and Parrott, 496 S.W.3d at 569-70, in support of his point. However, these cases are factually distinguishable. Indeed, in both cases, the probationer accrued sufficient earned compliance credits to secure his or her optimal discharge date before the circuit court ordered a final suspension of the probation or the State moved to revoke the probation. See Amorine, 490 S.W.3d at 373-75 (explaining that the circuit court erred when the division informed the circuit court that the probationer's optimal discharge date with continued compliance was April 1, 2015, but the circuit court failed to discharge the probation on April 1, 2015, despite the probationer's continued compliance); Parrott, 496 S.W.3d at 565, 569 (finding that the circuit court erred when, after the division notified the court that the probationer already accrued sufficient earned compliance credit for an earlier discharge date, the circuit court still failed to discharge the probationer on the *548 earned discharge date). In both Amorine and Parrott, unlike here, the record clearly established that the probationer was entitled to the earned credits and the optimal discharge date before any action was taken to revoke the probation. Amorine, 490 S.W.3d at 374-75 ; Parrott, 496 S.W.3d at 569. In contrast, here the record reflects numerous intervening months of noncompliance that precluded the accrual of the credits necessary to obtain an optimal discharge date consistent with Ban's calculations.
Notwithstanding his arguments to the contrary, the record plainly refutes Ban's contention that his probationary term expired on October 11, 2015. Ban did not satisfy his burden to show clear motion-court error, and he failed to overcome the presumption that the motion court's judgment was correct. See Rueger, 498 S.W.3d at 542-43. After reviewing the record, we are not persuaded the motion court clearly erred in denying Ban's motion for post-conviction relief. We deny Ban's sole point on appeal.
Conclusion
The judgment of the motion court is affirmed.
Robert G. Dowd, Jr., P.J., concurs.
Sherri B. Sullivan, J., concurs.

All rule references are to Mo. R. Crim. P. (2017).

All statutory references are to RSMo (Cum. Supp. 2013).

Ban's post-conviction counsel untimely filed the amended motion. However, post-conviction counsel alleged that the untimeliness of Ban's amended motion was due to counsel's filing mistake and not the fault of Ban. Pursuant to Sanders v. State, 807 S.W.2d 493 (Mo. banc 1991), the motion court accepted Ban's amended motion.

To receive earned compliance credits, the probationer must: (1) not be subject to lifetime supervision under Sections 217.735 and 559.106; (2) be on probation, parole, or conditional release for a certain class of offenses enumerated in Section 217.703; (3) be supervised by the board; and (4) be "in compliance" with the conditions imposed by the sentencing court or board. Parrott, 496 S.W.3d at 568 (referencing Section 217.703.1). Neither party asserts that Ban was ineligible to receive earned compliance credits if he complied with the conditions of his probation.