

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI ex rel.     )     *Opinion issued May 21, 2019*
GARY D. SAMPSON, JR.,     )
     )
     Relator,     )
     )
v.     )     No. SC97002
     )
THE HONORABLE     )
WILLIAM E. HICKLE,     )
     )
     Respondent.     )

## ORIGINAL PROCEEDING IN MANDAMUS

Gary D. Sampson, Jr. (hereinafter, "Sampson") filed a petition for a writ of mandamus, requesting his immediate discharge from probation. Sampson argues the circuit court erred in overruling his motion to be discharged from probation and setting the matter for a probation violation hearing because the circuit court lost authority[1] by placing him on a third term of probation. Sampson asserts if his earned compliance credits (hereinafter, "ECC") were applied properly, he should have been discharged

---

[1] Sampson repeatedly claims the circuit court was without jurisdiction to act in this case. However, this Court determined in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 254 (Mo. banc 2009), there are only two types of jurisdiction—personal and subject matter. The circuit court in this case had both. Sampson's actual claims are the circuit court exceeded its statutory authority to act. This Court reminds litigants to be mindful of this distinction.

statutorily from probation and the circuit court had no authority to conduct another probation violation hearing because his term of probation had expired.

This Court holds the circuit court erred in placing Sampson on a third term of probation. However, due to the fact Sampson should have still been serving a valid second probationary term, it is unclear whether the circuit court had authority to conduct a probation violation hearing or whether Sampson's probation expired statutorily. A permanent writ of mandamus is directed to issue ordering the circuit court to reinstate Sampson's previous probationary term.

## Factual and Procedural Background

In November 2012, Sampson pleaded guilty to possession of a controlled substance. Sampson was granted a suspended imposition of sentence and placed on a five-year term of probation.

Sampson's probation was revoked in November 2013. Sampson was sentenced to a six-year term of imprisonment, but the circuit court suspended the execution of the sentence and placed Sampson on a new five-year term of probation.

In December 2014, Sampson admitted to violating his probation by using controlled substances. The circuit court continued Sampson's term of probation and imposed additional conditions.

Sampson's probation was revoked again in July 2015, and the circuit court ordered his sentence to be executed. Sampson was placed into a 120-day institutional treatment

program.  Pursuant to section 559.115, RSMo Supp. 2013,[2] the circuit court retained jurisdiction for the 120-day period.  Following the treatment program, the circuit court granted Sampson probation, effective November 2015, for a term of five years.

In December 2017, the state filed a motion to revoke Sampson's probation. Sampson filed a motion to be discharged from probation in February 2018, claiming the state's revocation motion was filed after his statutory discharge date.  The circuit court overruled Sampson's motion.

Sampson then petitioned this Court for a writ of mandamus or, in the alternative, prohibition, requesting this Court direct the circuit court to discharge him from probation or, alternatively, prohibit the circuit court from holding a probation violation hearing. This Court issued a preliminary writ of mandamus.

After oral argument in this case, the Board of Probation and Parole (hereinafter, "the Board") issued a letter to the circuit court.  The Board informed the circuit court that with the application of ECC, Sampson was discharged statutorily from probation effective August 1, 2018.

### Standard of Review

This Court has jurisdiction to issue original remedial writs.  Mo. Const. art. V, sec. 4.  A writ of mandamus may issue upon proof of a "clear, unequivocal specific right to a thing claimed."  *U.S. Dep't. of Veterans Affairs v. Boresi*, 396 S.W.3d 356, 359 (Mo.

---

[2] All statutory references are to RSMo Supp. 2013 unless otherwise indicated.  While the sections regarding probation have been amended multiple times since Sampson was placed on probation, the relevant statutory language regarding revocation has not changed.

banc 2013) (quoting *Furlong Cos v. City of Kansas City*, 189 S.W.3d 157, 165-66 (Mo. banc 2000). The denial of a petition for a writ of mandamus is reviewed for an abuse of discretion. *Boresi*, 396 S.W.3d at 359. "When a statutory right is at issue, a court must analyze the statute or statutes under which the relator claims the right." *State ex rel. Hodges v. Asel*, 460 S.W.3d 926, 927 (Mo. banc 2015). An abuse of discretion occurs when the circuit court misapplies an applicable statute. *State ex rel. Robison v. Lindley-Myers*, 551 S.W.3d 468, 471 (Mo. banc 2018).

The primary rule of statutory interpretation is to effectuate the legislature's intent through reference to the plain and ordinary meaning of the statutory language. *State v. Ajak*, 543 S.W.3d 43, 52 (Mo. banc 2018). "This Court considers the words used in their plain and ordinary meaning." *State v. Blankenship*, 415 S.W.3d 116, 121 (Mo. banc 2013).

## Analysis

Sampson claims the circuit court erred in overruling his motion to be discharged from probation and setting the matter for a probation violation hearing because the circuit court lost authority by placing him on a third term of probation following his 120-day institutional treatment program. Sampson asserts if his ECC were applied properly, he should have been discharged statutorily from probation and the circuit court had no authority to conduct another probation violation hearing because his term of probation had expired.

Sampson presents two issues in his sole point on appeal for this Court's consideration. First, this Court must determine whether the circuit court had authority to

4

place Sampson in a 120-day institutional treatment program and subsequently place him on a third term of probation. Second, this Court must determine whether the circuit court had the authority to conduct a probation violation hearing.

*Third Term of Probation*

The duration of a defendant's probation and the circuit court's power to revoke probation is governed by section 559.036. *State ex rel. Strauser v. Martinez*, 416 S.W.3d 798, 801 (Mo. banc 2014). A circuit court has the authority to revoke a defendant's probation once if the probationary terms are violated. *State ex rel. Weaver v. Martinez*, 481 S.W.3d 127, 128 (Mo. App. E.D. 2016); section 559.036.5.

Pursuant to section 559.036.4(1), "if a continuation, modification, enlargement or extension [of probation] is not appropriate under this section, the [circuit] court shall order placement of the offender in one of the department of corrections' one hundred twenty-day programs…." The circuit court imposed a new term of probation in November 2013 and extended Sampson's probation in December 2014. In July 2015, the circuit court determined Sampson met all further criteria for placement in a 120-day institutional treatment program as contemplated by section 559.036.4. Accordingly, the circuit court properly placed Sampson in a 120-day institutional treatment program pursuant to section 559.036.4 and section 559.115.

Sampson successfully completed his 120-day institutional treatment program. "[O]nce the defendant has successfully completed the program under this subsection, the court shall release the defendant *to continue to serve the term of probation, which shall*

*not be modified, enlarged, or extended* based on the same incident of violation." Section 559.036.4(3) (emphasis added).

When Sampson was released from his 120-day institutional treatment program, the circuit court entered a new five-year term of probation. This action was erroneous. Statutorily, the circuit court is authorized *only* to continue the existing term of probation. *Id*. It may not modify, enlarge or extend the previously imposed term of probation. *Id*. When Sampson was released from his 120-day institutional treatment program, he should have resumed serving his second term of probation, which was imposed in November 2013 and extended in December 2014.

*Authority to Conduct a Probation Violation Hearing*

Section 559.036.8 governs the circuit court's authority to revoke probation. Once a defendant's probation ends, the circuit court's authority to revoke probation also ends. *Id*.; *Strauser*, 416 S.W.3d at 801.

However, in certain circumstances, the circuit court's authority to revoke probation may extend beyond the expiration of the probationary term when two conditions are met. *Id*. First, there must be an "affirmative manifestation of an intent to conduct a revocation hearing" before the end of the probationary period. Section 556.036.8. Second, the circuit court must have made "every reasonable effort ... to notify the probationer and to conduct the hearing prior to the expiration of the period." *Id*. "Unless both requirements are satisfied, the trial court loses the authority to revoke probation beyond the expiration of its term." *Miller v. State*, 558 S.W.3d 15, 20 (Mo. banc 2018).

6

To ascertain whether the circuit court manifested its intent to conduct a revocation hearing within the probationary period, it must be determined when the probationary period is set to expire. "While [s]ection 559.036 defines the circuit court's authority to revoke probation, [s]ection 217.703 governs the awarding of [ECC], which will reduce the period of probation." *Ban v. State*, 554 S.W.3d 541, 545 (Mo. App. E.D. 2018).

ECC are awarded to probationers who comply with the conditions of their supervision by the Board. *Id.* at 545; section 217.703.1. "A person is considered to be 'in compliance' when there is the absence of an initial violation report submitted by a probation or parole officer during the calendar month, or the absence of a motion to revoke or motion to suspend filed by the prosecuting or circuit attorney." *Id.* at 545; section 217.703.4. "All [ECC] shall be rescinded if the court or board revokes the probation or parole or the court places the offender in a department program under subsection 4 of section 559.036." Section 217.703.5. The awarding or rescinding of any ECC "shall not be subject to appeal or any motion for postconviction relief." Section 217.703.8; *Ban* 554 S.W.3d at 546.

Sampson asserts he earned enough ECC to be discharged statutorily from probation prior to the circuit court's manifestation of an intent to conduct a probation revocation hearing. While it is clear the circuit court erroneously imposed a new term of probation following Sampson's release from the 120-day program, it is not clear whether Sampson's properly imposed second term of probation has expired. Because the circuit court improperly awarded him a new probationary term following his 120-day

institutional treatment program, any report issued by the Board relying upon the circuit court's determination would be invalid.

**Conclusion**

The circuit court erroneously imposed a new term of probation for Sampson following his successful completion of the 120-day institutional treatment program. Accordingly, a permanent writ of mandamus is directed to issue ordering the circuit court to enter an order continuing Sampson's second term of probation after he was dismissed from the 120-day institutional treatment program.[3]

_____
GEORGE W. DRAPER III, JUDGE

All concur.

_____

[3] Based upon the correct continuation of Sampson's probation, the Board will be able to recalculate any ECC for use in determining whether Sampson was discharged statutorily when the circuit court manifested its intent to conduct a probation revocation hearing.

8