

# In the Missouri Court of Appeals
# Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| ANTOINE WATKINS, | ) | No. ED110551 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Audrain County |
| v. | ) | Cause No. 19AU-CC00034 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Jason H. Lamb |
| | ) | |
| Respondent. | ) | Filed: February 21, 2023 |

**Introduction**

Antoine Watkins appeals the motion court's judgment denying his amended Rule 24.035 motion for post-conviction relief without an evidentiary hearing.[1] Watkins pleaded guilty to felony drug charges, and the sentencing court placed him on five years' probation. Later, the sentencing court suspended, and ultimately revoked, Watkins's probation. His sole point on appeal is that the motion court erred in denying his amended Rule 24.035 motion because his probationary period expired before the sentencing court revoked his probation, and the sentencing court thus lacked authority to revoke his probation. We affirm the judgment of the motion court denying Watkins's amended Rule 24.035 motion.

---

[1] All Rule references are to the Missouri Supreme Court Rules (2021), unless otherwise indicated.

**Background**

On May 5, 2014, Watkins pleaded guilty in Audrain County to one felony count of possession of a controlled substance and two felony counts of fraudulently obtaining a controlled substance, all attributable to conduct that occurred in September 2013.[2] Pursuant to a plea agreement, the sentencing court suspended imposition of sentence and ordered Watkins to serve 120 days of shock incarceration. The sentencing court also placed Watkins on the statutory maximum of five years' probation, meaning the probationary period would expire on May 5, 2019.

On November 23, 2015, the Board of Probation and Parole filed a probation violation report informing the sentencing court that Watkins had been arrested and indicted in Cook County, Illinois. Watkins was arrested in connection with the death of a child on July 11, 2015 and indicted by a grand jury on one count of first-degree murder and two counts of aggravated fleeing or attempting to elude a peace officer. According to the indictment, Watkins was fleeing from Chicago police in a vehicle associated with a fatal shooting when he struck a 13-month old boy in a stroller on the sidewalk, killing him. The violation report recommended issuance of an arrest warrant and revocation of Watkins's probation.

The violation report identified Watkins's earned discharge date as December 9, 2017.[3] The earned discharge date predated May 5, 2019 due to Watkins's accrual of earned compliance

---

[2] Because Watkins committed these offenses in 2013, all Section references are to the Revised Statutes of Missouri (2013), unless otherwise indicated. *See* Section 1.160; *Edwards v. State*, 215 S.W.3d 292, 294 (Mo. App. S.D. 2007) (stating, in probation revocation case, "Pursuant to Section 1.160 a defendant will be sentenced according to the law in effect at the time the offense was committed. . ..") (internal quotation omitted).

[3] A probationer's "earned discharge date" is the division of probation and parole's calculation of "the number of months the offender has remaining on his or her term of probation . . ., taking into consideration any earned compliance credits." Section 217.703.9. "Earned compliance credits" reduce the term of probation by 30 days for each full calendar month of compliance with the terms of probation. Section 217.703.3.

credits pursuant to Section 217.703 for his compliance with the conditions of probation to that point.[4]

On November 29, 2015, the State filed a Notice of Alleged Probation Violation and Notice to Appear and Show Cause Why Probation Should Not Be Revoked. The next day, November 30, 2015, the sentencing court issued an order suspending Watkins's probation until further order of the court. On December 2, 2015, the sentencing court issued a warrant for Watkins's arrest for the alleged probation violations.

On July 5, 2016, the Board filed a case summary report noting that Watkins was in custody in the Cook County jail. No further action was taken regarding Watkins's probation until the Board filed a supplemental violation report on April 12, 2018. The report referenced the original November 2015 violation report, and informed the sentencing court that Watkins had pleaded guilty to the felony offense of reckless homicide and was sentenced to eight years in the Illinois Department of Corrections. The report recommended revocation of Watkins's probation and noted that Watkins was not accruing earned compliance credits because his probation remained suspended.

On April 5, 2019, Watkins appeared before the sentencing court for a probation revocation hearing. The sentencing court found that Watkins violated the conditions of his probation by committing a felony in Illinois, ordered his probation revoked, and sentenced him to a total of three years in the Missouri Department of Corrections.

On June 14, 2019, Watkins timely filed his *pro se* Rule 24.035 motion to vacate, set aside, or correct the judgment or sentence. On June 19, 2019 post-conviction counsel was appointed. Counsel timely filed an amended Rule 24.035 motion and a request for an evidentiary

---

[4] As more fully explained below, Section 217.703 governs the accrual, suspension, and rescission of earned compliance credits.

3

hearing on February 10, 2020. In the amended motion, Watkins argued the sentencing court lacked authority to revoke his probation because, due to the application of earned compliance credits, his probationary period had expired on December 9, 2017, well before the probation revocation hearing on April 5, 2019. Watkins maintained that the court failed to make every reasonable effort to conduct a hearing before Watkins's probationary period expired.

On March 21, 2022, the motion court entered its judgment denying Watkins's amended Rule 24.035 motion without an evidentiary hearing. The motion court reasoned that Watkins's claim that the court lacked authority to revoke his probation due to the application of earned compliance credits was barred under Section 217.703.8, which precludes review of earned compliance credits in post-conviction proceedings.

Watkins appeals the judgment of the motion court denying his amended Rule 24.035 motion.

## Standard of Review

Our review of the denial of a Rule 24.035 motion is limited to whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004). The movant bears the burden of showing by a preponderance of the evidence that the motion court clearly erred in its ruling. *Stacker v. State*, 357 S.W.3d 300, 303 (Mo. App. E.D. 2012).

Even if the stated reason for the motion court's ruling is incorrect, the judgment will be affirmed if it may be sustained on other grounds. *Swallow v. State,* 398 S.W.3d 1, 3 (Mo. banc 2013) (citing *State v. Bradley,* 811 S.W.2d 379, 383 (Mo. banc 1991)).

4

## Discussion

Watkins's only point on appeal is that the motion court erred in denying his amended Rule 24.035 motion because the sentencing court lacked authority to revoke his probation. Specifically, Watkins asserts that his probationary period expired on his earned discharge date of December 9, 2017, well before the sentencing court revoked his probation on April 5, 2019. Watkins argues that, under Section 559.036.8, the sentencing court was without authority to revoke his probation after the probationary period expired because the court failed to make every reasonable effort to notify Watkins and to conduct a probation revocation hearing before the expiration of his probationary period.

The motion court denied Watkins's amended Rule 24.035 motion because, pursuant to Section 217.703.8, any challenge to the award or rescission of earned compliance credits is not subject to a motion for post-conviction relief. The State concedes, however, that it does not perceive Watkins to challenge the award or rescission of earned compliance credits, as opposed to the sentencing court's application of those credits and the timeliness of the revocation, and that Section 217.703.8 does not bar Watkins's post-conviction motion or appeal. *See Ban v. State*, 554 S.W.3d 541, 546 (Mo. App. E.D. 2018). Even assuming Watkins's challenge does not implicate Section 217.703.8, we affirm the motion court's judgment because Watkins's argument otherwise fails as a matter of law and the judgment may be sustained on other grounds. *See Swallow,* 398 S.W.3d at 3.

Section 559.036 provides for a circuit court's authority to revoke probation if a probationer violates the conditions of probation. *State ex rel. Amorine v. Parker*, 490 S.W.3d 372, 375 (Mo. banc 2016) (citing Sections 559.036.3, 559.036.5, and 559.036.8). Watkins points out that such authority generally ends when the probationary period expires. *See State ex rel.*

5

*Parrott v. Martinez*, 496 S.W.3d 563, 570 (Mo. App. E.D. 2016). Watkins also acknowledges

that Section 559.036.8 expressly expands the circuit court's authority beyond the probationary

period to adjudicate matters arising before its expiration, so long as the court manifests its intent

to conduct a revocation hearing during the probationary period and makes every reasonable

effort to notify the probationer and hold the hearing before the period ends. *See Ban*, 554 S.W.3d

at 545.

What Watkins does not acknowledge is that Section 559.036 also provides for the circuit

court's authority to suspend probation and the consequences of doing so:

> Upon the filing of the prosecutor's or circuit attorney's motion or on the court's own
> motion, the court may immediately enter an order suspending the period of probation and
> may order a warrant for the defendant's arrest. The probation shall remain suspended
> until the court rules on the prosecutor's or circuit attorney's motion, or until the court
> otherwise orders the probation reinstated.

Section 559.036.7.

Thus, when a circuit court enters an order suspending probation, the running of the

probationary period is tolled for however many days probation is suspended. *Robinson v. State*,

509 S.W.3d 811, 814 (Mo. App. E.D. 2016). Still, when probation is suspended and the

probationary period is tolled, the probationary period may not extend indefinitely or even beyond

the five-year statutory maximum for felonies. *Id.* at 814 (citing *State ex rel. Strauser v. Martinez*,

416 S.W.3d 798 (Mo. banc 2014)).[5]

Similarly, Watkins refers us to Section 217.703, which provides for the award of earned

compliance credits during probation. Specifically, Section 217.703.1 instructs that the Board of

---

[5] All of that said, effective August 28, 2022, the legislature amended Section 559.036.7 to add, "Notwithstanding any other provision of the law to the contrary, the probation term shall be tolled during the time period when the probation is suspended under this section." RSMo § 559.036.7 (2022); S.B. 775, 751, 640, 101st Gen. Assemb., 2nd Reg. Sess. (Mo. 2022). Because Watkins committed the underlying offenses before August 28, 2022, the amendment does not apply here.

Probation and Parole shall award earned compliance credits to certain probationers who comply with the conditions of probation. *Ban*, 554 S.W.3d at 545. Section 217.703.5, on the other hand, provides for the suspension and rescission of earned compliance credits:

> Credits shall not accrue during any calendar month in which a violation report has been submitted or a motion to revoke or motion to suspend has been filed, and shall be suspended pending the outcome of a hearing, if a hearing is held. If no hearing is held or the court or board finds that the violation did not occur, then the offender shall be deemed to be in compliance and shall begin earning credits on the first day of the next calendar month following the month in which the report was submitted or the motion was filed. All earned credits shall be rescinded if the court or board revokes the probation or parole …. Earned credits shall continue to be suspended for a period of time during which the court or board has suspended the term of probation, parole, or release, and shall begin to accrue on the first day of the next calendar month following the lifting of the suspension.

Section 217.703.5.[6]

Thus, earned compliance credits are suspended for the duration for which the court has suspended the term of probation, and begin to accrue again only after the lifting of the suspension. *Ban*, 554 S.W.3d at 547. If, rather than lifting the suspension, the court revokes probation, all earned compliance credits are rescinded. Section 217.703.5.

Here, Watkins was placed on five years' probation, the statutory maximum for a felony conviction, on May 5, 2014. Without any adjustments, that five-year probationary period would have expired on May 5, 2019. In the interim, Watkins's probation was suspended by the sentencing court on November 30, 2015 as a result of the violation report filed on November 23, 2015. That suspension tolled the running of his probation and suspended any earned compliance credits until the sentencing court revoked his probation and rescinded all earned compliance

---

[6] This is the 2013 version of the statute in effect when Watkins committed the underlying criminal offenses. *See Edwards*, 215 S.W.3d at 294; Section 1.160. Since then, Section 217.703 has been amended four times, effective January 1, 2017; August 28, 2018; December 18, 2018; and August 28, 2022. *See* RSMo § 217.703.5 (2022); S.B. 775, 751, 640, 101st Gen. Assemb., 2nd Reg. Sess. (Mo. 2022); RSMo § 217.703.5 (2018); H.B. 2, 99th Gen. Assemb., 1st Ex. Sess. (Mo. 2018); RSMo § 217.703.5 (2018); H.B. 1355, 99th Gen. Assemb., 2nd Reg. Sess. (Mo. 2018); RSMo § 217.703.5 (2017); S.B. 491, H.B. 1371, 97th Gen. Assemb., 2nd Reg. Sess. (Mo. 2014). Those amendments would not change the outcome here.

credits, on April 5, 2019, one month before the unadjusted five-year probationary period would have ended on May 5, 2019. *See Ban*, 554 S.W.3d at 547; *Robinson*, 509 S.W.3d at 814.

Watkins nonetheless insists that his probation expired as early as December 9, 2017, despite its suspension, due to his accrual of earned compliance credits. For this date, Watkins cites the Board of Probation and Parole's violation report filed on November 23, 2015, which identified December 9, 2017 as Watkins's earned discharge date. But that earned discharge date was a prediction based on the assumption that Watkins would continue on probation unabated. Instead, Watkins's probation was suspended on November 30, 2015.

Watkins fails to acknowledge the full implications of the suspension and the plain language of Sections 559.036 and 217.703. Upon suspension of his probation on November 30, 2015, Watkins's probationary period was tolled until it was no longer suspended and any earned compliance credits were suspended for the duration of the probation suspension. *See Ban*, 554 S.W.3d at 547; *Robinson*, 509 S.W.3d at 814. Ultimately, the sentencing court did not reinstate probation or lift the suspension. Instead, on April 5, 2019, the court revoked Watkins's probation and rescinded all earned compliance credits pursuant to Section 217.703.5.

Because the five-year probationary period had not yet expired at the time of revocation, the sentencing court was within its authority to revoke Watkins's probation. For that reason, we need not address Watkins's argument pursuant to Section 559.036.8 that the court failed to make every reasonable effort to notify Watkins and conduct a probation revocation hearing before the expiration of his probationary period. Section 559.036.8 applies in that respect only to revocations that occur after the expiration of the probationary period, which is not the case here.

The Point is denied.

## Conclusion

For the foregoing reasons, we affirm the judgment of the motion court.

_____
Cristian M. Stevens, J.

Gary M. Gaertner, Jr., P.J., and
John P. Torbitzky, J., concur.